UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY MYERS, individually and as Co-Personal Representative of the Estate of Lorri Gayle Tedder; and COURTNEY VAUGH, individually and as Co-Personal Representative of the Estate of Lorri Gayle Tedder,<br><br>Plaintiffs,<br><br>vs.<br><br>BOARD OF COUNTY COMMISSIONERS OF ROGERS COUNTY, *et al.*,<br>Defendants. | Case No.: 22-CV-119-TCK-JFJ<br><br>JOINT STATUS REPORT |

**Jury Demanded**:   <u>Yes</u>   No

**I.   Summary of Claims**: Lorri Gayle Tedder was arrested for a non-violent misdemeanor and was taken to the Rogers County Jail due to obvious signs of a mental health crisis. While at the jail, Defendants Zandbergen, Hames, Ellenburg, Shields, Ferguson, Hubbard, Emery, Kennell, Grimsley, and Morgan – Rogers County detention officers, used excessive, unnecessary, and unlawful force against Lorri, including placing her in a prone position with multiple detention officers' bodyweight on her back, neck, side, and legs, despite their knowledge that she was undergoing a severe mental health crisis and despite the fact that she was restrained with handcuffs and leg restraints. As a result of this excessive force, Lorri was rendered unconscious and unresponsive in the jail. Defendants Zandbergen, Hames, Ellenburg, Shields, Ferguson, Hubbard, Emery, Kennell, Grimsley, and Morgan failed to monitor Lorri's condition as required when using the prone restraint position, which is known to be seriously dangerous. Despite obvious signs of medical distress while being improperly and unnecessarily held in the prone position, Defendants Zandbergen, Hames, Ellenburg, Shields, Ferguson, Hubbard, Emery, Kennell, Grimsley, and Morgan did nothing to check on Lorri's health status or to provide immediate medical care when it became obvious that she was in respiratory and cardiac distress, or did so little so as to be the functional equivalent of nothing. In fact, these detention officers specifically lied to responding EMTs about what had happened to Lorri and how much time had lapsed between what happened and when they finally called the ambulance in hopes of covering up the egregiousness of what they did.

Defendant Foster, an employee of Defendant Turn Key, was present during much of the unnecessary, unlawful, and excessive force used on Lorri, including the improper and dangerous use of the prone restraint with multiple officers on top of Lorri. Foster either recognized the signs of respiratory and cardiac distress Tedder was suffering and chose to do nothing to provide medical care to her or, alternatively, Foster was so poorly trained for this obvious recurring scenario in jails that she did not know the signs of respiratory and cardiac distress and/or did not know what to do to provide necessary life-saving medical care to Lorri. After officers stopped standing and kneeling on Lorri, and after she had been moved to a cell and the spit mask officers had placed on her was removed, it was obvious that Lorri was in serious medical trouble, as her eyes were open and not moving, with no blinking, and she was not breathing. Foster either cared so little or was so poorly trained and/or underqualified for her position, that she failed to even check for Lorri's pulse correctly. Foster never checked whether Lorri was breathing. Following this, and after a delay of 3 minutes since it was obvious Lorri was in need of immediate life-saving care, jailers started incorrect CPR on Lorri, with a suicide smock still over her and with her hands cuffed behind her back and underneath her. Foster did nothing and did not even recognize how poorly and incorrectly CPR was being performed. After even more time had passed, Foster finally placed an AED on Lorri and after turning it on, Foster said to the jailers in the room "She's [expletive] dead." That was the full extent of everything Foster – the only licensed medical personnel in the jail – did to provide obviously needed care for Lorri. No medical evaluation was properly done, including not taking any action on Lorri's obvious need for serious mental health treatment given her obvious and serious mental health crisis.

Defendants Board, Walton, and Guess were responsible for the operation of the Rogers County jail and for ensuring that policies and training were in place for proper uses of force by officers within the jail, including on using a prone restraint, for handling detainees suffering clear mental health crises, for recognizing when detainees are in serious respiratory and cardiac distress needing immediate lifesaving care, and how to properly perform CPR on detainees. Defendants Board, Walton, and Guess are alleged to have been deliberately indifferent to the risk of harm to detainees posed by their constitutionally-deficient policies, practices, and/or customs and their constitutionally-deficient training practices, failing to train their officers on obviously common recurring scenarios.

Defendant Turn Key was responsible for providing medical care in the jail and for ensuring that medical staff in the jail had proper policies, procedures, and customs to follow in providing necessary medical care to detainees in need of immediate emergency care. Further, Defendant Turn Key was responsible for ensuring that its employees working in the jail were qualified to identify serious medical needs warranting emergency medical attention or immediate transfer to a hospital. Additionally, Turn Key was responsible for ensuring that its medical staff in the jail were trained on when and how to properly check an unresponsive detainees pulse and when and how to perform CPR urgently and correctly. Turn Key is alleged to have failed to have proper policies, procedures, and customs in place at the Rogers County Jail, failing to train Foster on necessary life-saving measures such as checking a pulse and performing CPR which are obviously common recurring scenarios in a jail, and failing to supervise and evaluate Foster to ensure she had the necessary skills for the job she was assigned to. Turn Key is alleged to have a pattern of such conduct on other occasions in jails where Turn Key is the contracted medical provider. Plaintiffs allege that Turn Key's failures described herein were the result of Turn Key's deliberate indifference to the health and safety of detainees in jails it serves, including Lorri Tedder in the Rogers County Jail.

    A.   Claims to be Dismissed:  None.

**II.**    **Summary of Defenses**:

Defendants Board of County Commissioners of Rogers County, Scott Walton, Kellie Guess, Shawn Zandbergen, Daniel Ellenberg, Haley Hames, Isaac Shields, Myles Ferguson, Becca Hubbard, William Emery, Kari Kennell, Thomas Grimsley and Sheldon Morgan collectively known as the "Rogers County Defendants" have asserted the following affirmative defenses: statute of limitations; the Second Amended Complaint fails to state a claim upon which relief can be granted; immunity from suit under the Eleventh Amendment; failure to comply with the Oklahoma Governmental Tort Claims Act; limitation of claims under the Oklahoma Governmental Tort Claims Act; no violation of a Constitutional right occurred; all actions by the Rogers County Defendants were objectively reasonable and in good faith; all Rogers County Defendants were properly trained and supervised; the injuries, damages or losses sustained by the Plaintiff's decedent were solely and proximately caused by her own wrongful actions and criminal conduct; all named individual Rogers County Defendants are entitled to qualified immunity; the Rogers County Defendants were not negligent in any way concerning Ms. Tedder; the claim for punitive damages constitutes an unconstitutional excessive fine under Article II, Section 9 of the Oklahoma Constitution; Plaintiffs have failed to state facts that warrant a claim for punitive damages; the proximate cause of the alleged injuries and damages, if any, were the acts and/or omissions of third persons/parties over whom the Rogers County Defendants had no control; the alleged damages and/or injuries were the result of occurrences over which the Rogers County Defendants had no control and for which they are not responsible; the Rogers County Defendants plead all affirmative defenses available under the law to the extent such defenses are supported by the evidence and reserve the right to amend their Answer and add affirmative defenses as discovery continues.

Turn Key and Kylee Foster's defenses are set forth in their Answer filed as Doc. Nos. 37 and 38 and it adopts and reincorporates those defenses herein. However, in short, Turn Key, as well as the medical providers at the Rogers County Jail employed by Turn Key, did not violate Lori Tedder's constitutional rights nor did they have any responsibility for any harm to Lori Tedder. Turn Key and Kylee Foster did not act with deliberate indifference to the life of Lori Tedder. Turn Key's policies or practices were/are not constitutionally deficient nor did they lead to the violation of any of Lori Tedder's constitutional rights.

Moreover, Turn Key asserts that it did not create, cause, implement, or enforce a policy, custom, or practice that was the moving force behind Lori Tedder's alleged injuries. Turn Key asserts that all practices, policies, and customs used by it, and Foster, with regard to Lori Tedder were/are constitutional. Additionally, Turn Key and Foster assert that an award of punitive damages against them would violate their constitutional rights of due process under the Fourteenth Amendment. Defendants Turn Key and Foster further assert: immunity from suit under the Eleventh Amendment; failure to comply with the Oklahoma Governmental Tort Claims Act; the injuries, damages, or losses sustained by the Plaintiffs' decedent were solely and proximately caused by her own wrongful actions and criminal conduct; Turn Key and Kylee Foster are entitled to qualified immunity; Turn Key and Foster plead all affirmative defenses available under the law to the extent such defenses are supported by the evidence; Lastly, Turn Key and Foster reserves the right to assert additional defenses as discovery continues.

    A. Defenses to be Abandoned:

For Defendants Board of County Commissioners of Rogers County, Scott Walton, Kellie Guess, Shawn Zandbergen, Daniel Ellenberg, Haley Hames, Isaac Shields, Myles Ferguson, Becca Hubbard, William Emery, Kari Kennell, Thomas Grimsley and Sheldon Morgan:

    **NONE.**

For Defendants Turn Key Health Clinics, LLC, and Kylee Foster:

    **NONE.**

**III.**    **Motions Pending** (Include Docket Number, Description and Date at Issue):  **None.**

**IV.**    **Stipulations:**

    A. Jurisdiction Admitted:   **Yes**    No (If no, explain.)

    B. Venue Appropriate:   **Yes**    No (If no, explain.)

    C. Facts:

On November 7, 2019, Tedder was taken into custody by the Catoosa Police Department.
Ms. Tedder was transported to the Amos G. Ward Detention Center on November 7, 2019.
Ms. Tedder died on November 9, 2019.

    D. Law:   None.

**V.**    **Proposed Deadlines:**

    A. Parties to be Added by:   March 8, 2023

    B. Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):

Due to the nature of the claims and the number of Defendants in this matter the parties request a proposed discovery cutoff date of **August 8, 2023.**

    C. Fact Witness Lists to be Exchanged by:

        May 8, 2023

    D. Proposed Date for Expert Reports by Plaintiff and Defendant:
        Plaintiff: June 8, 2023
        Defendants: June 22, 2023

## VI. Fed. R. Civ. P. 26(f) Discovery Plan

    A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?
        Yes (If yes, explain.)
        **No**

    B. When were or will initial disclosures under Rule 26(a)(1) be made? Disclosures will be made no later than  Feb. 16, 2023

    Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

    C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?    Yes    **No**

    D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
        Yes (If yes, explain.)
        **No**

    E. Proposed Number of Fact and Expert Depositions:

      1. To be allowed for Plaintiff? 25

      2. To be allowed for Rogers County Defendants? 25

      3. To be allowed for Turn Key and Foster? 25

    F. Is there a need for any special discovery management order(s) by the Court?
        Yes (If yes, explain.)
        **No**

    G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

## VII. Anticipated Dispositive Motions?
    **Yes** (If yes, describe.) Plaintiffs anticipate the possibility of filing a Motion for Summary Judgment. Defendants anticipate filing Motions for Summary Judgment as well.

## VIII. Do all parties consent to trial before the assigned magistrate judge?    **No**

  If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

IX. **Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?** Yes **No**

  If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

X. **Settlement Plan** (Check one):

  Settlement Conference Requested After: August 8, 2023
   Describe Settlement Judge Expertise Required, If Any:

  Private Mediation Scheduled On:

  Other ADR (Explain):

  ADR Appropriate:
   Yes
   No (If no, explain.)

  Copy of the Court's ADR Booklet Provided to Clients as Required?

    Plaintiffs:  **Yes**  No

    Defendants:  **Yes**

XI. **Does this case warrant special case management?**
  Yes (If yes, explain.)
  **No**

XII. **Do the parties request that the Court hold a scheduling conference?** Yes **No**

  If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

XIII. **Estimated Trial Time: 7 days**


Attorney for Plaintiff (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):

Chris Hammons, OBA# 20233, Jason M. Hicks, OBA #22176, Jonathan R. Ortwein, OBA #32092;
Laird Hammons Laird, PLLC; 1332 SW 89th St., Oklahoma City, OK 73159;
Tel: (405) 703-4567; Fax (405) 703-4061; chris@lhllaw.com, jason@lhllaw.com, jonathan@lhllaw.com.

Attorney for Rogers County Defendants:

Thomas A. LeBlanc, OBA#14768
Emily K. Wilson, OBA#33091

Best & Sharp
1 West Third Street, Suite 900
Tulsa, OK 74103
(918) 582-1234 (Telephone)
(918) 585-9447 (Facsimile)
tleblanc@bestsharp.com
ewilson@bestsharp.com


Attorneys for Defendants Turn Key & Foster:


Anthony C. Winter, OBA #32148
Shade C. Kremer, OBA #35157
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: 405.232.6100
Facsimile: 405.232.6105
E-Mail: awinter@johnsonhanan.com
E-Mail: skremer@johnsonhanan.com
*Attorneys for Defendants Turn Key Health Clinics, LLC, and Kylee Foster*

 (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):